## Blazis *v.* Bechtel.

*Liquor licenses—Necessity — Old applicants — Right of remonstrants to be heard—Disagreement of Quarter Sessions judges—Mandamus—Supreme Court, original jurisdiction.*

Where remonstrances were filed to petitions for the regranting of certain retail liquor licenses, on the ground of want of necessity, and the two judges of the Quarter Sessions Court disagreed as to whether the remonstrants should be heard on such question, so that by the date of the expiration of the old licenses no hearing had been held and no licenses granted, the Supreme Court thereafter awarded a writ of mandamus at the instance of the applicants for such licenses, naming the two judges of the lower court as respondents and directing them to proceed forthwith to pass upon the applications for the licenses and remonstrances thereto.

Original jurisdiction.    February 12, 1917, petition for mandamus, filed as of No. 228 Misc. Docket, No. 3, in case of Matt B. Blazis, Adam Sadusky, Martin Tunila, Peter Kasper, Charles Lapinski, A. Danisewicz, Peter Joseph, August Lawrinawicz, John Pasukewicz, J. A. Malzinsky, Joseph Rudis, and Victor Kastant v. Harry O. Bechtel and Richard H. Koch, Judges of the Court of Quarter Sessions of the Peace in and for the County of Schuylkill, Pennsylvania.    Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker, Frazer and Walling, JJ.    Mandamus awarded.

To a number of petitions for the renewal of liquor licenses in Schuylkill County for the year 1917 remonstrances were filed, averring no necessity for them.    The president judge of the Court of Quarter Sessions refused to hear the remonstrances on this ground, being of opinion that the question of necessity, having been passed upon by the court in prior years, was to be regarded as res adjudicata, in the absence of anything in a remonstrance showing why the necessity for the license had ceased to exist, or that by reason of changed conditions there was no longer necessity for the continuance of it. The associate judge did not concur in this, being of opinion that the remonstrances should be entertained, and that hearings should be had on the merits of each petition, notwithstanding the fact that licenses for the stands had been granted in 1916.    On application of the petitioners for the licenses to the Supreme Court for a writ of mandamus to compel the judges to pass upon the petitions for the licenses the view of the associate judge was sustained, and the writ awarded as prayed for.

*Roscoe R. Koch,* for petitioners.

*C. A. Snyder,* for H. O. Bechtel.

*Woodbury & Woodbury* and *Otto E. Farquhar,* for Thomas H. Reseigh, remonstrant, submitted a brief.

Per Curiam, February 19, 1917:

Let writ of mandamus go out as prayed for, commanding the respondents to proceed forthwith to pass upon the applications for licenses and the remonstrances thereto as specified in the petition for the writ.